OPINION
{¶ 1} Defendant Donald L. Murphy appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which granted a divorce to plaintiff-appellee Charlotte F. Murphy, awarded spousal support, and divided the marital property of the parties. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATE'S CONSTITUTION AND ARTICLE I, 16 OF THE OHIO CONSTITUTION.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S MOTION TO VACATE AND/OR IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
 {¶ 4} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE SPOUSAL SUPPORT.
 {¶ 5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE PARTIES' PROPERTY."
 I. {¶ 6} The magistrate made findings of fact and conclusions of law, which the trial court adopted. The court found appellee was in default because he failed to answer, although the record shows appellant did appear and participate in pre-trial proceedings. The court found the parties were married in April of 1990, and produced no children. The court found appellant was guilty of acts of gross neglect of duty and extreme cruelty. The court found appellee is 58 years old and in fair health. She has a ninth grade education and is not employed. She has no income and no retirement benefits. Appellant is age 72 and in good health. He receives Social Security benefits, and oil and gas royalties. Appellant has been employed as a heavy equipment operator throughout the marriage, and bank records indicated he deposited an average of $5,000 per month during the period from January 2004 through August 2004. The court found appellant offered no explanation as to the source of the deposits, and they are in far in excess of the amount he claimed as income. The appellant did not file a financial statement with the court.
 {¶ 7} The court found the parties' residence had been owned by the appellee before the marriage. The parties owned a farm titled in both their names with a fair market value of $100,000, subject to a mortgage of $4,000. The court found this property was marital property and should be sold at public auction. The net proceeds of the sale were to be divided equally between the parties. The court divided the personal property between the parties, awarding the appellee a 1992 Buick and a 1999 Dakota, plus an IRA account and a bank account. The court awarded appellant a 2000 Ram 2500 truck, two dump trucks, a loader, horse trailers, and car trailers, in addition to an annuity and a life insurance policy. The court did not place a value on any of the vehicles, or other personal property, although it did state the value of the bank account [$2,000], the IRA [$1,700], the annuity [$10,000], and the insurance policy [$1,300].
 {¶ 8} The trial court found this distribution resulted in appellant receiving $50,000 more marital property than appellee, and ordered appellant to pay appellee $25,000.
 {¶ 9} The court found appellant had lied to the appellee about his finances, had hid his finances from her during the marriage, had committed financial misconduct, and failed to disclose all of his income to the court during the divorce proceedings.
 I {¶ 10} Appellee was represented by counsel throughout the divorce action, but appellant was unrepresented until after the trial. Appellant urges he was denied his constitutional right to due process because as a lay person he did not understand the proceedings and the trial court did not adequately explain them to him. It appears from the record appellant preferred to appear pro se unless and until he felt he needed counsel.
 {¶ 11} On November 8, 2004, the parties appeared for a hearing on appellant's pro se objection to the report of the magistrate setting various pre-trial orders. The court's judgment entry states appellant was advised to retain counsel, if desired forthwith. It ordered the parties to appear at the COD on December 7 at 1:00 p.m. to finalize a settlement if possible. The court also overruled the objections to the magistrate's report.
 {¶ 12} Appellant appeared on December 7, but no settlement negotiations ensued. Instead, appellee appeared with counsel and two witnesses, prepared to proceed on an uncontested divorce because appellant had never filed an answer to the complaint. There is no transcript of the November 8, hearing, but there is a transcript of the December 7 hearing. At the hearing, the magistrate engaged in a conversation with appellant in which appellant informed the court he did not retain an attorney because she [presumably appellee] told him he did not have to. Appellant advised the court if he could not abide by the terms of the divorce he would hire an attorney. Appellant did not tell the magistrate he had received a letter from appellee which led him to believe the case would be settled on terms acceptable to him. Appellant's motion to vacate or amend did bring this allegation to the trial court's attention.
 {¶ 13} The magistrate informed appellant she would take testimony from appellee and her witnesses, and if appellant had a problem with what was requested, then he could seek a continuance from the judge in order to retain counsel.
 {¶ 14} Appellee presented her case, and at the close of direct, the magistrate inquired whether appellant wished to question the witness. Appellant informed the court not all the statements appellee made were true. Appellant then inquired of appellee about certain items of personality she had not mentioned, but did not question her about any settlement negotiations or about her earlier testimony.
 {¶ 15} Appellee presented two corroborating witnesses, and offered three exhibits to the court. Among these exhibits were bank records showing the amount of the deposits which exceeded appellant's claimed income. Appellant objected to the bank records, arguing he had made the deposits, but used the money to pay bills. He did not explain the source of the funds. The court overruled his objection and admitted the exhibits.
 {¶ 16} Appellant also informed the magistrate he had $42,000 invested in the property claimed by the appellee as pre-marital property. The appellant indicated he needed a continuance in order to secure counsel to dispute the property division. The magistrate agreed to hold her decision until the trial court ruled on the motion for continuance.
 {¶ 17} The trial court overruled appellant's motion for continuance. Appellant did secure counsel who immediately filed various motions, some of which are discussed in II, infra.
 {¶ 18} Civ. R. 75 (L) requires the court to give a pro se party notice of the final trial by regular mail to the party's last known address. The Rule requires the notice be mailed at least 7 days prior to the commencement of trial.
 {¶ 19} Loc.D.R. 13.01 provides when a complaint for a divorce is filed, the assignment commissioner shall assign a date and time for a pre-trial hearing, and a status call. The Rule provides uncontested cases will be tried at the status call. The complaint must contain a notice to the defendant, informing him or her, inter alia, if no answer is filed or if the parties have entered into a written separation agreement, then the matter would go forward as an uncontested trial. The notice must contain the date, time, and place.
 {¶ 20} D.R. Loc. 13.01 also provides if there is no answer, motion, or stipulation for leave to plead within 28 days, then the divorce or legal separation is deemed uncontested. The Rule provides if a case is set for hearing as uncontested case, the defendant may not introduce evidence on his own behalf accept by leave of court for good cause shown.
 {¶ 21} In Vance v. Roedersheimer, 64 Ohio St. 3d 552,1992-Ohio-24, 597 N.E. 2d 153, the Ohio Supreme Court found Ohio courts may adopt rules of local practice. However, the Ohio Constitution, Section 5 (B), Article IV, as well as Civ. R. 83 mandates local rules must be consistent with Rules of Procedure or Practice set forth by the Supreme Court, including the rules of Civil Procedure. Any local rule is unenforceable to the extent it is inconsistent with the Civil Rules, Vance at 554.
 {¶ 22} In Griffin v. Griffin (October 2, 1981), Pickaway App. No. 80CA14, the Court of Appeals for the Fourth District considered an appeal from a divorce degree where, as here, the appellant argued he did not receive proper notice of the hearing date. The Pickaway County C.P. Loc.R. 16 (D) provided if a defendant was unrepresented and the case was uncontested, the plaintiff's attorney must serve the defendant with notice of the trial date by certified mail.
 {¶ 23} The court found the Local Rule did not conflict with the Civil Rules, because it required certified mail rather than regular mail, and thus, required more than the Civil Rules.
 {¶ 24} Here, the Local Rule requires the complaint itself to contain the information. The Civil Rule only requires regular mail seven days in advance of the hearing, and we find the Local Rule requires more, i.e., service with the complaint. The Local Rule is consistent with the Rules of Civil Procedure. We find appellant had notice of the trial date, even if the court's November 8 judgment entry stated only a settlement could be finalized on that date, and did not reiterate the case would be tried if it could not be settled.
 {¶ 25} The first assignment of error is overruled.
 III. {¶ 26} In his third assignment of error, appellant urges the trial court erred in ordering spousal support.
 {¶ 27} R.C. 3105.18 sets forth various factors the court should consider in determining whether spousal support is appropriate and in determining how much to award. The factors are income of the parties and their relative earning ability; the parties' ages and physical, mental and emotional conditions; any retirement benefits of parties; the length of the marriage; the relative extent of education of the parties, and any other factor. The trial court made findings of fact concerning the duration of the marriage, the age, health, and education of the parties, their retirement benefits, and their relative incomes.
 {¶ 28} Appellant never filed a sworn financial statement, but now disputes the court's findings as to his income.
 {¶ 29} We find the trial court did not err in determining appellant's income based upon the record before it, and, based upon the factor, did not err in awarding the appellee sixty months of spousal support for this fifteen year marriage.
 {¶ 30} The third assignment of error is overruled.
 IV. {¶ 31} The trial court divided the marital property between the parties. The court found the value of the 52 acre farm in West Virginia and stated the value of an IRA and a bank account, an annuity, and a life insurance policy, see supra. Appellee received the Ohio home as her separate premarital property, and its value was not included in the property division, nor should it be. The court did not value any of the other property, including any of the various vehicles. The vehicles were a large part of the property distribution, which also included furniture and guns.
 {¶ 32} The trial court adopted the magistrate's finding the fair market value of the property appellant received was $50,000 more than the property awarded to appellee. To equalize the distribution, the magistrate recommended appellant should pay over to appellee $25,000, and the court adopted this as part of its order.
 {¶ 33} Using only the stated values, appellee received $3,700 and appellant, $11,300. The record does not contain evidence to enable the magistrate to make any finding a cash payment is necessary to equalize the distribution. With no value assigned to the vehicles and other property, it is impossible to make a finding appellant's share of the marital property is worth $50,000 more than appellee's share. It may well be the case, but the testimony and documents the magistrate had before her are insufficient to substantiate it.
 {¶ 34} Because the magistrate's decision adopted by the trial court did not make findings of fact regarding the value of the property distributed between the parties, this court is unable to conduct a full appellate review, see, e.g., Derrit v. Derrit,163 Ohio App. 3d 52, 2005-Ohio-4777, 836 N.E. 2d 39.
 {¶ 35} The fourth assignment of error is sustained.
 II {¶ 36} In his second assignment of error, appellant urges the court should have vacated the magistrate's decision or sustained his objections to the decision.
 {¶ 37} The court entered the decree of divorce on December 14. Appellant retained counsel who filed a motion to vacate on December 14, and a motion for findings of facts and conclusions of law. The court dismissed the motion to vacate on December 16. On December 22, after the magistrate filed findings of fact, appellant filed numerous objections to the magistrate's decision and requested the court vacate the decision or order the magistrate amend it. The court heard appellant's objections on January 31, 2005, overruled the objections, and adopted the magistrate's decision.
 {¶ 38} Appellant's motion to vacate was not brought pursuant to Civ. R. 60 (B), but instead cited Civ.R. 53 (E) and advised the court appellant anticipated filing objections to the magistrate's decision after she made the necessary findings of fact. The motion requested a stay of the final judgment of divorce until the magistrate entered the findings of fact and the court had ruled on the anticipated objections.
 {¶ 39} Civ. R. 53 (E) (4) provides a court may adopt a magistrate's decision and enter judgment without waiting for objections, but the filing of timely objections operates as an automatic stay. For this reason, we find the motion to vacate was unnecessary, and premature. The question of modifying or vacating the judgment was not ripe until the court had the opportunity of reviewing the complete decision, including the requested findings of fact. The court then had the option to vacate or amend the decision in ruling on the objections. Accordingly, we find the court did not err in overruling the motion to vacate.
 {¶ 40} The magistrate filed the findings of fact and conclusions of law, and appellant did file his objections to the magistrate's decision. Appellant's objections challenged the magistrate's findings of fact, urging the findings of fact were unsupported by the evidence. The trial court overruled the objections.
 {¶ 41} Appellee testified at the final hearing on the divorce, and the findings of fact are supported by her testimony. Thus the findings are supported by the evidence. Although appellant informed the magistrate appellee's testimony was not correct, when given the opportunity to cross examine her, he did not ask any questions about her testimony.
 {¶ 42} Our standard of reviewing claims a court's findings are unsupported by sufficient evidence is to review the record and determine if there is sufficient competent and credible evidence going to each element of the case, C.E. Morris v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. The findings of fact the magistrate made are supported by the record, but are incomplete.
 {¶ 43} Because we find supra the court made insufficient findings of fact regarding the property division, we find the court should not have adopted the magistrate's decision.
 {¶ 44} The second assignment of error is sustained in part.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., and Wise, P.J., concur Hoffman, J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split evenly between the parties.