OPINION *Page 2 
{¶ 1} Defendant-appellant David Piciacchia appeals the September 6, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which approved and adopted the Magistrate's April 24, 2006, and July 27, 2006 Decisions, finding him in contempt. Plaintiff-appellee is Martha Szal, FKA Martha Piciacchia.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on April 1, 1992. Two children were born as issue of said union, to wit: Adam David (DOB 11/23/93) and Kristen Elizabeth (DOB 10/3/96). Appellee filed a Complaint for Divorce on October 29, 1998. Appellant filed a timely answer and counterclaim. The parties were divorced via Judgment Entry/Decree of Divorce filed January 25, 1999. The decree incorporated the parties' separation agreement and shared parenting plan. At the time of the decree, appellant was ordered to pay $750/month in child support for both children.
 {¶ 3} Subsequently, on September 17, 2004, appellant filed a Motion for Modification for Child Support. The trial court conducted an evidentiary hearing on the motion. Via Judgment Entry filed May 25, 2004, the trial court reduced appellant's child support obligation to $512.78/month, retroactive to September 17, 2004.
 {¶ 4} On June 14, 2005, appellee filed a Motion to Show Cause. The magistrate conducted an evidentiary hearing, and recommended appellant be found guilty of contempt for failure to pay medical and dental costs as well as the costs of extracurricular activities, and be sentenced to 60 days in the Stark County Jail, suspended upon the condition he pay appellee $3025.83, and attorney fees in the *Page 3 
amount of $650, within 90 days. The trial court approved and adopted the magistrate's decision via Judgment Entry filed December 12, 2005.
 {¶ 5} Appellee filed a Motion for Modification of Child Support and Reallocation of Tax Exemptions on December 30, 2005. Appellee filed a second Motion to Show Cause on January 4, 2006, based upon appellant's failure to pay his half of the children's extracurricular activities fee, medical expenses, and private school tuition. The medical expenses for which appellee sought payment included counseling for the children. Via Magistrate's Decision filed January 25, 2006, the magistrate denied appellee's Motion for Modification for Child Support and Reallocation of Tax Exemption. Appellee filed timely objections to the decision. The trial court sustained appellee's objections, remanding the matter to the magistrate to conduct a hearing on the issue of modification.
 {¶ 6} The magistrate scheduled a hearing on appellee's January 4, 2006 Motion to Show Cause on March 22, 2006. Appellee filed a third Motion to Show Cause on March 15, 2006, based upon appellant's failure to purge the December 12, 2005 contempt finding. Via Magistrate's Decision filed April 24, 2006, the magistrate recommended appellant be found guilty of contempt for the violations set forth in appellee's January 4, 2006 Motion to Show Cause. The magistrate also recommended appellant be found guilty of contempt for violating the trial court's December 12, 2005 Judgment Entry. The magistrate scheduled an imposition hearing for June 1, 2006. With respect to the January 4, 2006 Motion to Show Cause, the magistrate recommended a 90 day jail sentence, suspended upon appellant's paying his share of the expenses on or before June 1, 2006. *Page 4 
 {¶ 7} Upon appellant's request the magistrate issued Additional Findings of Fact and Conclusions of Law on July 27, 2006. Appellant filed timely objections. Via Judgment Entry filed September 6, the trial court approved and adopted the magistrate's April 24, 2006 decision, and July 27, 2006 Additional Findings of Fact and Conclusions of Law.
 {¶ 8} It is from that judgment entry appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF DEFENDANT-APPELLANT HUSBAND, IN FINDING APPELLANT IN CONTEMPT FOR VIOLATING THE PARTIES' SHARED PARENTING AGREEMENT BY NOT PAYING FOR CERTAIN MEDICAL AND EXTRACURRICULAR ACTIVITIES. THIS FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT.
 {¶ 10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF DEFENDANT-APPELLANT HUSBAND, IN RE-ALLOCATING THE TAX EXEMPTION TO THE PLAINTIFF-APPELLEE WIFE. THIS FINDING WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT."
 I {¶ 11} In his first assignment of error, appellant contends the trial court abused its discretion in finding him guilty of contempt for violating the terms of the parties' shared parenting plan. We agree in a limited part, but disagree with most of appellant's arguments herein. *Page 5 
 {¶ 12} We will not reverse the trial court's decision regarding contempt absent an abuse of discretion. Beltz v. Beltz, 2005CA09194. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} With respect to the medical bills, appellant argues he could not be found in contempt for failing to pay said expenses because appellee failed to notify him of the medical appointments as was required by the parties' shared parenting plan. Appellant concedes appellee was not required to give him notice for emergency medical treatment. In his Brief to this Court, appellant submits, "He should not be responsible for bills for treatment he didn't know about and/or which were not timely submitted to him." Appellant's Reply Brief at 2. At the hearing, appellee acknowledged she had not notified appellant of scheduled medical appointments and, in some cases, had failed to subsequently notify him of nonscheduled appointments.
 {¶ 14} The shared parenting plan specifically provides:
 {¶ 15} "A. Both parents will maintain the children as beneficiaries of all present and future medical and dental benefit plans obtainable through their employment or available benefits. The mother and father will pay equally all of the ordinary and necessary medical, dental, hospital, optical and prescriptive expenses of the children not paid for by such benefit plan.
 {¶ 16} "B. The mother shall maintain the children on her present medical insurance at work and all non-insured medical, hospital, optical, dental and prescription *Page 6 
expenses shall be divided equally after the father pays the first $100.00 deductible per child per year.
 {¶ 17} "C. The mother and the father shall share equally in the costs of all extraordinary medical and dental expenses, including orthodontia and psychological.
 {¶ 18} "D. Both parents agree to cooperate on the health care needs of the children. Each parent shall notify the other parent of any health related appointments and examinations required at least 14 days in advance of said appointments, unless an emergency arises which in that event the parent must notify the other as soon as possible."
 {¶ 19} We do not find notification of health related appointments to be a condition precedent for appellant's obligation to pay medical expenses under the shared parenting plan. Accordingly, we find the trial court did not abuse its discretion in finding appellant in contempt for failing to pay his required portion of the children's medical expenses. Further, we find the trial court did not abuse its discretion in finding appellant in contempt for failing to pay his required portion of the counseling expenses. Although these expenses do not fall within the category of "ordinary and necessary", the shared parenting plan requires the parties to pay equally in the cost of all extraordinary medical and dental expenses, including psychological.[1]
 {¶ 20} With respect to the children's extracurricular activities, the shared parenting plan provides: *Page 7 
 {¶ 21} "C. The father and mother shall consult together about Summer camps and other extracurricular activities for their children that from time to time may be available, and the parents will determine which are in the best interest of their children, the costs of same to be borne equally by both parents."
 {¶ 22} Appellant asserts of this provision requires the parties to agree upon the activities and to determine which are in the children's best interests. Appellant further submits, "By implication, this requires the parties to agree on the activities before each is made to share the cost." Brief of Appellant at 14. Appellee concedes she unilaterally enrolled the children in certain activities each year or each season as well as in additional activities without consulting appellant. Appellee also acknowledges appellant informed her he could not afford the fees for a number of the extracurricular activities. By finding appellant in contempt, the trial court found appellant explicitly and/or implicitly concurred with the activities in which appellee had enrolled the children by paying for those activities in the past, participating in the activities, attending the events, and/or failing to object when he knew the children were involved.
 {¶ 23} The shared parenting plan explicitly requires the parties to "consult together" about the children's extracurricular activities and determine which are in the children's best interests before the costs are borne equally by the parties. As an individual's financial situation and a child interest may change from year to year or season to season, we find appellee was required to discuss the activities prior to enrolling the children. Accordingly, we find the trial court erred in finding appellant guilty of contempt for failing to pay one half of said activities in which there was not prior consultation and consent between the parties. *Page 8 
 {¶ 24} With respect to the parochial school education, the shared parenting plan provides:
 {¶ 25} "A. The children will be placed in the Catholic school system. The parents agree to equally pay the tuition and associated costs in connection with said school system which shall include grade school and high school."
 {¶ 26} At the hearing, appellant testified when he entered into the shared parenting plan, he had been paying his son's Catholic school tuition for seven years, however, he had not anticipated the increase in the tuition. Appellant explained parochial schools were not in his budget. While that may be so, the plain language of the shared parenting plan establishes appellant agreed the children would attend Catholic school and agreed to pay his portion of the tuition and associated costs. Accordingly, we find the trial court did not abuse its discretion in finding appellant in contempt for failing to pay the tuition expenses.
 {¶ 27} Throughout the proceedings in the trial court and in his Brief to this Court, appellant raises an affirmative defense of inability to pay. Inability to pay is defense to a contempt of court order. However, it is incumbent upon the parties seeking to raise inability to pay to prove the defense by preponderance of the evidence. See, generally,Olmstead Township v. Riolo (1988), 49 Ohio App. 3d 114, 117.
 {¶ 28} The trial court believed appellant's testimony, each year between December and March, his work as a self-employed carpenter slows considerably. Nonetheless, the trial court found appellant was voluntarily underemployed. Appellant argues such a finding was not supported by the evidence and was an abuse of discretion. Upon review of the record, we do not find the trial court abused its discretion *Page 9 
in finding appellant voluntarily underemployed. Appellant himself testified each winter season for the past seven years his business has slowed and he has become late on his child support payments. Despite acknowledging this fact, appellant did not attempt to offset his lost wages by seeking alternative employment during these slow periods. The trial court did not find appellant in contempt for being voluntarily underemployed, but found such fact negated his affirmative defense.
 {¶ 29} Appellant's first assignment of error is sustained in part and overruled in part.
 II {¶ 30} In his second assignment of error, appellant maintains the trial court erred in reallocating the tax exemption to appellee as such was an abuse of discretion.
 {¶ 31} R.C. 3119.82 State's, impertinent part:
 {¶ 32} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *"
 {¶ 33} "The decision to allocate tax exemptions is a matter left to the discretion of the trial court. . . . R.C. 3119.82 requires the trial court to consider any `relevant factor concerning the best interest of the children' in making such a decision." In re Custody of Lena, Keshee,and Kesalon Harris, Champaign App. Nos. 2005-CA-42, 2005-CA-43,2006-Ohio-3649.
 {¶ 34} Appellant argues the issue of child support was not properly before the trial court, calling appellee's repeated motions to increase child support a "ruse" as *Page 10 
appellee was well aware no change of circumstances had occurred. Although the trial court in the instant action chose not to modify child support, such did not preclude the trial court from changing the designation of the tax exemption to appellee. R.C. 3119.82 mandates a trial court designate which parent will claim the children as dependents for federal income tax purposes "whenever it modifies, reviews, or otherwise reconsiders a court child support order." Because the trial court was reviewing or otherwise reconsidering the child support order, it was authorized to designate which parent was to receive the tax exemption. Furthermore, "the statute does not require a change of circumstances and that the determination of the best interests of the child(ren) is not to be limited by a prior agreement or previous allocation." Reichman v. Reichman, Tuscarawas App. No. 2001AP030018, 2001-Ohio-1555.
 {¶ 35} Accordingly, we find the trial court did not abuse its discretion in reallocating the tax exemption to appellee.
 {¶ 36} Appellant's second assignment of error is overruled. *Page 11 
 {¶ 37} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed in part, and reversed in part.
 Hoffman, P.J. Farmer, J. and Delaney, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. Costs assessed to appellant.
[1] While we find appellee's failure to notify appellant of non-emergency health related appointments and examinations does not relieve appellant of his obligation to pay his share of those expenses, this should not be interpreted as our approval of appellee's failure to follow the terms of the decree. *Page 1