JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nathan McCall appeals from that part of the divorce decree issued by the common pleas court, Domestic Relations Division, that awarded spousal support to his former wife, plaintiff-appellee Samantha McCall.
 {¶ 2} In his sole assignment of error, appellant asserts the award exceeds his ability to pay. Since, however, the record fails to demonstrate the trial court abused its discretion in its award of spousal support to appellee, appellant's assertion is rejected. The order, therefore, is affirmed.
 {¶ 3} The record reflects appellant married appellee in August 1995. Their daughter was born two months later. The couple purchased a home in Cleveland; they owed a mortgage on the property .
 {¶ 4} Appellant worked for the same company since 1989, he described his position as a "dispatch operator." Appellee possessed an associates degree, *Page 2 
and worked outside the home in various positions, sometimes part-time, for a delivery service, a collection agency, and a day care facility.
 {¶ 5} In February 2003, just prior to his thirty-eighth birthday, appellant moved out of the marital home. Appellee was at that time thirty-nine years old. Both parties filed for a divorce in March 2004. During the pendency of the divorce, the mortgage on the marital home went into arrears.
 {¶ 6} A magistrate held a hearing on the complaint for divorce in August, but waited until December 2004 to file his report and recommendations. In his report, the magistrate found, in pertinent part, as follows:
 {¶ 7} "* * * [N]either party contributed to the income earning capacity of the other, neither party expressed a desire to seek more education or training to improve their incomes, and neither party experienced a loss of income earning capacity due to their marital responsibilities. It would not be reasonable under the circumstances to award spousal support to [the appellee]."
 {¶ 8} Appellee filed timely objections to the magistrate's report. Therein, appellee claimed appellant filed for bankruptcy in October 2004; appellee further claimed the papers appellant filed in his bankruptcy case demonstrated he had withheld evidence as to his income from the magistrate. *Page 3 
 {¶ 9} The trial court sustained appellee's objections and stayed the matter pending the conclusion of the bankruptcy proceeding. Subsequently, the trial court held a hearing on May 22, 2006.
 {¶ 10} The court heard testimony from both appellant and appellee and accepted the parties' exhibits into evidence before issuing its decision. The decision, for the most part, followed the magistrate's original recommendations. However, the trial court determined it appropriate to award monthly spousal support to appellee in the amount of $ 510.00 for a period of four years.
 {¶ 11} It is that portion of the trial court's decision which appellant challenges in this appeal. His assignment of error states:
 {¶ 12} "The Trial Court committed reversible error when it awarded spousal support, when said award exceeded Appellant's ability to pay."
 {¶ 13} Distilled to its essence, appellant argues the trial court abused its discretion in substituting its judgment for that of the magistrate. Obviously, when phrased in this manner, his argument is absurd.
 {¶ 14} On appeal, a trial court's determination of spousal support is reviewed only for an abuse of discretion, which is defined as more than a mere error of judgment, but, rather, an "unreasonable, arbitrary, or unconscionable" attitude. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. *Page 4 
 {¶ 15} The factors listed in R.C. 3105.18(C)(1) guide the trial court's spousal support determination. These factors are intended to direct "a trial court to award what is appropriate and reasonable under the facts of the particular case." Cronin v. Cronin, Greene App. Nos. 02-CA-110, 03-CA-75, 2005-Ohio-301, T|36.
 {¶ 16} In this case, the trial court addressed each relevant factor.Babcock v. Babcock, Cuyahoga App. No. 82805, 2004-Ohio-2859. After specifically setting forth the parties' ages, educations, incomes, assets and liabilities, it determined that appellant's earning capacity exceeded that of appellee. The trial court based its determination on the testimony and exhibits produced at trial.
 {¶ 17} Appellant admitted his yearly earnings were $ 56,000.00 in 2005 and $ 64,000.00 in 2004. He helped his girlfriend pay rent on the two-bedroom apartment they shared, and still could afford a two-week tropical vacation just prior to trial. Appellee, on the other hand, earned $ 9.25 per hour at her full-time job, and had negotiated a forbearance agreement with the mortgagor with respect to her home which required a substantial down payment to secure.
 {¶ 18} Under the circumstances, the court determined that appellee's current yearly earning capacity of $ 24,960.00, when compared to appellant's current *Page 5 
yearly earning capacity of $ 55,000.00, justified a monthly award of spousal support to appellee in the amount of $ 510.00. This totals $ 6,120.00 annually for only four years. Subtracting this amount from appellant's yearly income results in a reduction to the amount of $ 48,880.00. Appellee's yearly income increases to $ 31,100.00.
 {¶ 19} In view of the evidence adduced at trial, the trial court's clear consideration of the other factors listed in R.C. 3105.18(C), and the fact that the trial court expressly retained jurisdiction over the issue, this court cannot state the trial court's decision is an abuse of discretion. Id.; see also, Murphy v. Murphy, Stark App. No. 2005-CA-00101, 2006-Ohio-557; Cantu v. Cantu, Sandusky App. No. S-02-002, 2003-Ohio-5178.
 {¶ 20} Accordingly, appellant's assignment of error is overruled.
 {¶ 21} The trial court's decision is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J. CONCUR *Page 1