[Cite as *Homestead Interiors, Inc. v. Hines*, 2021-Ohio-1014.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| HOMESTEAD INTERIORS, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0257** |
| PHILLIP HINES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2018 CVF 00577.

Judgment: Reversed and remanded.

*George L. Badovick*, 13033 Ravenna Road, Chardon, OH 44024 (For Plaintiff-Appellee).

*Glenn E. Forbes*, Forbes Law, LLC, 166 Main Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} This matter is before us on the appeal of Phillip Hines from a June 15, 2020 judgment entry of the Chardon Municipal Court, overruling Mr. Hines' objections to a magistrate's decision and rendering judgment in favor of Homestead Interiors, Inc. on its motion for attorney fees in the amount of $7,850.00. The judgment is reversed.

{¶2} The litigation began on June 18, 2018, as a small claims complaint filed by Appellee Homestead Interiors, Inc. ("Homestead") against Appellant Phillip Hines ("Mr. Hines") for $600.00 on an account pertaining to carpet installation. Mr. Hines answered

and counterclaimed, alleging Homestead violated the Consumer Sales Practices Act and the Fair Debt Collection Practices Act, damaged his personal property, and breached express warranties and implied warranties of merchantability. Mr. Hines sought damages in the amount of $14,000.00 plus costs, attorney fees, and punitive damages. Homestead answered, and the case was transferred to the civil docket of the Chardon Municipal Court.

{¶3} On July 22, 2019, Homestead filed a joint "Motion in Limine to Strike Defendant's Expert Testimony and Motion for Sanctions." The magistrate issued an order on July 31, 2019, granting Homestead's motion to strike and ordering Homestead to submit a fee bill for attorney fees incurred in the matter. Mr. Hines filed a "Motion to Set Aside Magistrate's Order," which the magistrate denied on August 19, 2019.

{¶4} Mr. Hines noticed an appeal from the magistrate's August 19, 2019 order denying his motion to set aside the order of July 31, 2019. The issues on appeal were ultimately resolved between the parties, and the appeal was dismissed upon request. Thereafter, the parties filed a joint motion in the municipal court to vacate the sanctions order of July 31, 2019. The motion was granted.

{¶5} Meanwhile, a bench trial was held before a magistrate on August 1, 2019, on the merits of the claim and counterclaim. In a September 4, 2019 decision, the magistrate found in favor of Homestead and against Mr. Hines for $600.00 on the account, plus interest and costs. The magistrate also awarded attorney fees to Homestead and ordered Homestead to submit a bill for fees incurred in the matter.

{¶6}   Mr. Hines filed objections to the magistrate's decision on September 17, 2019.   The municipal court never ruled on these objections nor did it issue a judgment on the claim or counterclaim.

{¶7}   Homestead submitted its statement of attorney fees, to which Mr. Hines responded.  The magistrate held an evidentiary hearing on February 27, 2020.  In an April 17, 2020 decision, the magistrate recommended that Homestead should be awarded attorney fees in the amount of $7,850.00 as requested.  Mr. Hines filed objections to the magistrate's decision.  On June 15, 2020, the municipal court overruled the objections and rendered judgment to Homestead against Mr. Hines in the amount of $7,850.00 for attorney fees.

{¶8}   This appeal ensued.  Appellant raises three assignments of error for our review, the first of which asserts:

{¶9}   **The Trial Court erred to the prejudice of the Defendant by granting a Judgment for attorney fees when entitlement to attorney fees had not yet been established.**

{¶10}  Mr. Hines argues that the municipal court did not have authority to award attorney fees to Homestead without first overruling his objections to the magistrate's September 4, 2019 decision on the underlying claim and counterclaim and entering an independent final judgment.  We agree with Mr. Hines.

{¶11}  Very simply, "[a] magistrate's decision is not effective unless adopted by the court."  Civ.R. 53(D)(4)(a).  Additionally, the trial court is required to rule on objections to a magistrate's decision: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.  In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the

3

magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). *E.g., City of Kent v. CDC-Kent, LLC*, 11th Dist. Portage No. 2017-P-0081, 2018-Ohio-3743, ¶13, fn. 2 ("Magistrates have limited authority, which does not extend to issuing judgment entries; entering judgments is solely the function of the judge."); *accord Wheeler v. Tubbs*, 11th Dist. Lake No. 2008-L-159, 2008-Ohio-6411, ¶7.

{¶12} A trial court's judgment that fails to rule on properly filed objections to a magistrate's decision is not a final appealable order. *See, e.g., McCown v. McCown*, 145 Ohio App.3d 170, 172 (12th Dist.2001). Thus, given the municipal court's failure to rule on the objections to the magistrate's underlying decision, a question is raised as to whether this court has jurisdiction to decide the appeal.

{¶13} The subject of this appeal, however, is the municipal court's subsequent overruling of objections and independent judgment as to attorney fees. If we were now to dismiss the appeal for lack of a final appealable order, the objections to the underlying decision may never be properly ruled on by the municipal court, and final judgment may never be entered. Further, Mr. Hines would be prevented from requesting Civ.R. 60(B) relief and would be unable to appeal from the denial of a Civ.R. 54(B) motion to reconsider. *See, e.g., Beyke v. Beyke*, 3d Dist. Union Nos. 14-05-13 & 14-05-15, 2005-Ohio-5465, ¶16 (Civ.R. 60(B) may only be used to obtain relief from final judgments, and the refusal to reconsider an interlocutory order is itself an interlocutory order, not subject to appeal).

{¶14} Mr. Hines did attempt to remedy this situation by requesting the municipal court vacate the June 15, 2020 judgment for the reasons outlined above, but the court denied the request. It appears the municipal court may be laboring under the

misconception that the September 4, 2019 magistrate's decision was rendered final by Mr. Hines' first appeal in this matter. In the court's June 15, 2020 judgment entry, it stated that "the Defendant appealed the September 4, 2019 Magistrate's Decision, but it was settled and dismissed in the Eleventh District Court of Appeals." Mr. Hines' first appeal, however, was from the magistrate's August 19, 2019 order denying his motion to set aside the magistrate's order of July 31, 2019. The issues raised and settled in that appeal, related to sanctions, were wholly separate from the magistrate's recommendation on September 4, 2019, to render judgment on the underlying claim and counterclaim.

{¶15} In these particular circumstances, we conclude the municipal court's attorney fees order is final and appealable under R.C. 2505.02(B)(1) ("An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."). Accordingly, we have jurisdiction to review and determine this appeal.

{¶16} We further find instructive the decision in *Murphy v. Murphy*, 5th Dist. Stark No. 2007CA00069, 2008-Ohio-1971. In *Murphy*, the magistrate filed a decision finding the defendant guilty of contempt on plaintiff's motions for contempt. The magistrate recommended a 30-day jail sentence with an opportunity to purge the contempt. The defendant filed objections. The trial court never ruled on the objections, adopted the magistrate's decision, or entered an independent judgment. Thus, there was no final judgment finding the defendant in contempt and ordering a jail sentence. Even so, the plaintiff filed a motion to impose sentence, the trial court held a hearing on the motion, and the trial court sustained the motion and ordered the defendant to report to jail. The

5

Fifth District concluded that the trial court clearly imposed sentence prior to ruling on the objections to the contempt finding that formed the basis for the suspended jail sentence, which was an error of law (and also a violation of the defendant's due process rights). The trial court's decision was reversed on that basis. *Id.* at ¶56-64.

{¶17} Similarly, here, the magistrate issued a decision finding in favor of Homestead on the $600.00 claim and request for attorney fees. Mr. Hines filed objections. The municipal court never ruled on those objections, adopted the magistrate's decision, or entered an independent final judgment on the underlying matters. Even so, Homestead submitted a bill for fees incurred, the magistrate held an evidentiary hearing, and the magistrate recommended an attorney fee award in the amount of $7,850.00. The municipal court overruled the objections to that decision and ordered Hines to pay attorney fees as recommended by the magistrate. This was clearly an error of law, as there was no final judgment of the trial court that formed the basis for the award of attorney fees.

{¶18} For these reasons, we conclude the municipal court erred to the prejudice of Mr. Hines by granting an order for attorney fees when entitlement to those fees had not yet been finally established by the court.

{¶19} Mr. Hines' first assignment of error has merit.

{¶20} Mr. Hines raises two additional assignments of error:

{¶21} **The Trial Court erred to the prejudice of the Defendant by granting a Judgment for attorney fees when there was no testimony as to the reasonableness of those fees by a person other than the proponent.**

{¶22} **The Trial Court erred to the prejudice of the Defendant by granting a Judgment for attorney fees when neither**

6

**reasonableness of the fees, nor the *Swanson* factors, were demonstrated.**

{¶23} Pursuant to our holding under the first assignment of error, these arguments have been rendered moot.

{¶24} The judgment of the Chardon Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.