OPINION
{¶ 1} Appellants, United States Tennis Association Midwest ("Midwest Association") and United States Tennis Association Northeast ("Northeast Association"), appeal from the September 20, 2006 judgment entry of the Lake County Court of Common Pleas, denying their motion for attorney fees.
 {¶ 2} On April 15, 2005, appellee, Sean McPhillips, a senior at St. Ignatius High School, paid a fee and joined the United States Tennis Association ("National *Page 2 
Association"), an adult tennis league operated by appellants.[1] The National Association permits players to self-rate so that they can compete at an appropriate level for their particular tennis skills. Appellee chose to play on the Club Ultimate 4.0 men's team, thus, "self-rating" himself, based upon the recommendation of his father, at a 4.0 level. He participated in two matches at that level. On June 20, 2005, after appellee's first match, he was informed that because he had self-rated at 4.0 he was supposed to have completed a player background form prior to participating in a league match. Appellee completed and submitted the form the following day. Shortly thereafter, appellee's self-rating was denied, and he was rated at a 4.5 "elite" level. Appellee was provided an appeal form but did not pursue an appeal.
 {¶ 3} Rather, on June 28, 2005, appellee filed a complaint against appellants, alleging that appellants violated the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 and R.C. 1345.02, (1) by instituting practices that contradicted the published rules regarding eligibility for participation, and (2) by denying him a benefit that was advertised, namely the opportunity to participate on a diverse tennis team. Appellants filed an answer on August 15, 2005.
 {¶ 4} On October 17, 2005, appellee filed a motion for summary judgment pursuant to Civ.R. 56.
 {¶ 5} On December 23, 2005, appellants filed a motion for summary judgment and a brief in opposition to appellee's motion for summary judgment. *Page 3 
 {¶ 6} On January 27, 2006, appellee filed a brief in opposition to appellants' motion for summary judgment and a reply to appellants' brief in opposition to appellee's motion for summary judgment.
 {¶ 7} On February 13, 2006, appellants filed a reply brief in support of their motion for summary judgment.
 {¶ 8} On April 25, 2006, appellee filed a motion for reasonable attorney fees. On May 10, 2006, appellants filed a brief in opposition.
 {¶ 9} Pursuant to its August 10, 2006 judgment entry, the trial court granted appellants' motion for summary judgment, and denied appellee's motion for summary judgment.[2]
 {¶ 10} On August 24, 2006, appellants filed a motion for reasonable attorney fees under R.C. 1345.09(F)(1) and R.C. 2323.51. On September 12, 2006, appellants filed a motion to strike appellee's motion for relief from judgment and memorandum in opposition to appellants' motion for attorney fees. Appellants also filed a reply brief in support of their motion for reasonable attorney fees that same date.
 {¶ 11} Pursuant to its September 19, 2006 judgment entry, the trial court denied as moot appellee's motion for reasonable attorney fees and appellants' brief in opposition to appellee's motion for reasonable attorney fees because a final appealable order had been entered.
 {¶ 12} Appellants filed a brief in opposition to appellee's motion for relief from judgment on September 19, 2006. *Page 4 
 {¶ 13} Pursuant to its September 20, 2006 judgment entry, the trial court denied appellants' motion for reasonable attorney fees. The trial court also determined that appellants' motion to strike appellee's motion for relief from judgment and memorandum in opposition to appellants' motion for attorney fees was denied as moot. It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:[3]
 {¶ 14} "The [t]rial [c]ourt erred in [d]enying [appellants'] [m]otion for [r]easonable [attorneys' [f]ees [u]nder R.C. 1345.09(F)(1) and R.C. 2323.51."
 {¶ 15} In their sole assignment of error, appellants argue that the trial court erred in denying their motion for reasonable attorney fees under R.C. 1345.09(F)(1) and R.C. 2323.51. Appellants present four issues for our review: (1) appellants are entitled to attorney fees as the prevailing party under R.C. 1345.09(F)(1) because appellee and his counsel exhibited bad faith in maintaining a lawsuit they knew to be groundless; (2) appellants are entitled to attorney fees under R.C.2323.51 because appellee and his representative engaged in frivolous conduct by making factual contentions that lacked evidentiary support; (3) the litigation tactics employed by appellee and his attorney reveal the frivolous and harassing nature of this lawsuit; and (4) the denial of attorney fees was improper because the trial court failed to conduct a hearing as required under *Page 5 
R.C. 2323.51.
 {¶ 16} With respect to their first issue, R.C. 1345.09(F) provides:
 {¶ 17} "The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 18} "(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
 {¶ 19} "(2) The supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 20} "As a general rule, the prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the opposing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. Gahanna v. EastgateProperties, Inc. (1988), 36 Ohio St.3d 65, 66 * * *. R.C. § 1345.09(F) provides that a trial court may award attorney's fees if a supplier knowingly violates R.C. Chapter 1345. Because the trial court is given the discretionary authority to award such fees, we review the denial of a motion for attorney's fees pursuant to R.C. § 1345.09(F) under an abuse of discretion standard. Bittner v. Tri-County Toyota, Inc. (1991),58 Ohio St.3d 143, 146 * * *. An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219
* * *." Buist v. Columbiana Buick Olds Cadillac, Inc. (Feb. 1, 2001), 7th Dist. No. 99 CA 183, 2001 Ohio App. LEXIS 384, at 3-4. (Parallel citations omitted.) *Page 6 
 {¶ 21} "Prior to making an award of attorney's fees under R.C. §1345.09(F), the trial court must make a determination that the supplier `knowingly' committed a consumer sales practice violation. In this context, `knowingly' means that the, `supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law (* * *)'.Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 30 * * *."Buist, supra, at 5. (Parallel citation omitted.)
 {¶ 22} In the instant matter, we agree with appellee that the parties engaged in a "consumer transaction," since appellants provide a "service" to "consumers," "solicit" individuals, and are "suppliers." See R.C. 1345.01(A), (C), and (D). However, we do not agree with appellee that appellants violated R.C. 1345.02, by engaging in an "unfair or deceptive act or practice in connection with a consumer transaction." R.C. 1345.02(A).
 {¶ 23} Based on the record, appellee and his counsel had a reasonable basis to believe that their claims were valid. As such, they had a right to advocate their position or a reasonable argument within the bounds of the law. Since appellee's complaint was neither groundless nor brought in bad faith, the trial court did not abuse its discretion in denying appellants' motion for attorney fees. See Couto v. Gibson (1990),67 Ohio App.3d 407, 418.
 {¶ 24} Appellants' first issue is without merit.
 {¶ 25} Appellants' second and third issues are interrelated. Therefore, we will address them together. *Page 7 
 {¶ 26} This court stated the following with respect to R.C. 2323.51 inCurtis v. Hard Knox Energy, Inc., 11th Dist. No. 2005-L-023,2005-Ohio-6421, at ¶ 14-15:
 {¶ 27} "[u]nder R.C. 2323.51, a party and/or their counsel may be sanctioned for `the filing of a civil action, the assertion of a claim, defense, (* * *) or the taking of any other action in connection with a civil action' if the conduct: `serves merely to harass or maliciously injure another party to the civil action or (* * *) is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or (* * *) consists of allegations or other factual contentions that have no evidentiary support or (* * *) are not warranted by the evidence.' R.C.2323.51(A)(1)(a), (A)(2)(a)(i)-(iv), and (B)(4). Such conduct constitutes `frivolous conduct.' R.C. 2323.51(A)(2). `Any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action.' R.C.2323.51(B)(1).
 {¶ 28} "The question of what constitutes frivolous conduct may be either a factual determination, e.g. whether a party engages in conduct to harass or maliciously injure another party, or a legal determination, e.g. whether a claim is warranted under existing law. `[A] trial court's findings of fact are to be accorded substantial deference (* * *) and are reviewed under an abuse of discretion standard' while legal questions are `subject to de novo review by an appellate court.' State Farm Ins.Cos. v. Peda, 11th Dist. No. 2004-L-082, 2005-Ohio-3405, at ¶ 28
(citations omitted). The ultimate decision whether to impose sanctions for frivolous conduct, however, remains wholly within the trial court's discretion. Edwards v. Livingstone, 11th Dist. Nos. 2001-A-0082 and 2002-A-0060, 2003-Ohio-4099, at ¶ 17 (citation omitted)." *Page 8 
 {¶ 29} After reviewing the record, we determine that the arguments proffered in support of appellee's case were supported by legal authority and that there was a rational basis for his position. "`"A party is not frivolous merely because a claim is notwell-grounded" (emphasis added). (* * *) The test (* * *) is whether no reasonable lawyer would have brought the action in light of existing law.' Riston [v. Butler], 149 Ohio App.3d 390, 399-400, 2002-Ohio-2308
* * *. (citation omitted)." Peda, supra, at ¶ 30. (Parallel citation omitted.) Applying this test, we conclude that appellee's cause of action was not frivolous, and that the conduct of appellee's counsel was not intended to merely harass or injure appellants.
 {¶ 30} Appellants' second and third issues are without merit.
 {¶ 31} With respect to appellants' fourth issue, this court stated inCurtis, supra, at ¶ 22:
 {¶ 32} "[a] hearing on a motion for sanctions is only required under the statute when the trial court grants the motion. R.C. 2323.51(B)(2). In our district, the rule is stated that `the trial court is not required to hold a hearing upon every application for attorney fees which is disallowed.' Peda, 2005 Ohio 3405, at ¶ 31, quoting Cregar v.Ohio Edison Co. (Jan. 11, 1991), 11th Dist. No. 89-T-4316, 1991 Ohio App. LEXIS 78, at 4."
 {¶ 33} "* * * [A] trial court must schedule a hearing only on those motions which demonstrate arguable merit and where a trial court determines there is no basis for the imposition of sanctions, it may deny the motion without a hearing." Ohio Dept. of Adm. Services v.Robert P. Madison Internatl., Inc. (2000), 138 Ohio App.3d 388, 399, citing Tosi v. Jones (1996), 115 Ohio App.3d 396, 401. *Page 9 
 {¶ 34} In the case sub judice, the trial court did not hold a hearing. Rather, it simply stated in its September 20, 2006 judgment entry that appellants' motion for reasonable attorney fees under R.C. 1345.09(F)(1) and R.C. 2323.51 was denied. "While it is preferable that the trial court give more specific reasons for denying the motion, the failure of the trial court to so explain is not grounds for reversal." Robert P.Madison Internatl., Inc., supra, at 399. Thus, the trial court did not err by failing to conduct a hearing.
 {¶ 35} Appellants' fourth issue is without merit.
 {¶ 36} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs, DIANE V. GRENDELL, J., dissents.
[1] Appellant Northeast Association is a local affiliate of the National Association. Appellant Midwest Association is the regional governing body which supervises the National Association programs in Ohio, Wisconsin, Illinois, Indiana, and Michigan. The National Association is not a party to this action. Appellee, who began playing tennis at the age of ten, had an extensive tennis background. He was coached by his father who is an accomplished tennis player. During high school, appellee played varsity tennis and regularly participated in tennis tournaments.
[2] It is from that judgment that appellee filed a timely notice of appeal, in Case No. 2006-L-187, alleging that the trial court erred in granting summary judgment in favor of appellants.
[3] Also on September 20, 2006, the trial court indicated that appellee's motion for relief from judgment and appellee's memorandum in opposition to appellants' motion for attorney fees was stricken from the file. On September 28, 2006, appellee filed a memorandum in opposition to appellants' motion for attorney fees. On October 3, 2006, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). On October 6, 2006, appellants filed a renewed opposition to appellee's October 3, 2006 motion for relief from judgment, as well as a motion to strike. On October 18, 2006, appellee filed a motion for leave to file a motion for relief from judgment pursuant to Loc.R. III(A)(1), as well as a brief in opposition to appellants' motion to strike appellee's motion for relief from judgment. Pursuant to its October 25, 2006 judgment entry, the trial court denied appellee's motion for leave to file a motion for relief from judgment. *Page 1