[Cite as *Huntington Natl. Bank v. Coffman*, 2014-Ohio-3743.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Huntington National Bank, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-231 |
| | | (C.P.C. No. 12CV010165) |
| Thomas F. Coffman et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| (William R. Miller, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on August 28, 2014

*Timothy S. Rankin* and *Derek L. Graham*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}   Appellant, William R. Miller ("Miller"), appeals from the judgment of the Franklin County Court of Common Pleas confirming the Franklin County Sheriff's sale of a foreclosed property and ordering distribution of the sale proceeds to the lienholders.

{¶ 2}   Miller's appeal relates to the trial court's August 26, 2013 decision and entry denying Miller's motion for summary judgment and granting summary judgment in favor of appellee, Huntington National Bank ("Huntington").  Miller argues that Huntington's mortgage was defective and invalid because it contained an inaccurate legal description of the subject property that was at odds with the street address of the property.  In addition, Miller notes that Huntington tried to re-record the mortgage to correct the erroneous legal description, but failed to have the mortgage executed by the parties to the mortgage, thus rendering the re-recorded mortgage void.

{¶ 3}  Miller presents one assignment of error as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THAT THE DEFENDANT/APPELLEE HUNTINGTON NATIONAL BANK'S NOVEMBER 2, 2007 MORTGAGE WAS VALID.

{¶ 4}  Huntington filed a complaint in foreclosure on August 12, 2012, after defendant Thomas F. Coffman defaulted on a note held by Huntington and secured by a first mortgage on Coffman's residence on Arlington Avenue in Columbus, Ohio.  After certain pleading deficiencies and mistakes, Huntington filed a motion to intervene as a party-defendant relating to a Personal Credit Line Agreement secured by a mortgage dated November 2, 2007 ("November Mortgage"). This appeal concerns the second mortgage on the property.

{¶ 5}  Miller, claiming a judgment lien against the property, filed a cross-claim on October 3, 2012, contending that his judgment lien filed January 12, 2012 had priority over the allegedly defective November Mortgage.  Huntington and Miller both filed motions for summary judgment.  Huntington conceded that the metes and bounds legal description on the mortgage was inaccurate although it included the correct parcel number and street address.

{¶ 6}  The trial court found that the defect in the legal description of the property on the mortgage did not render it invalid and that the mortgage at issue substantially complied with Ohio law.

{¶ 7}  An appellate court reviews summary judgment under a de novo standard. *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 9. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56; *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11; *Dresher v. Burt*, 75 Ohio St.3d 280 (1996).

{¶ 8}  Here, there is no dispute over factual issues; rather, the issue on appeal is whether, as a matter of law, the inaccurate metes and bounds description on the

November Mortgage caused the instrument to be so misleading that it did not provide notice to third-parties such as Miller.

{¶ 9} The leading federal case interpreting Ohio mortgage law requirements is *Argent Mtge. Co., LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir.2009). In that case, the mortgage had the correct street number and parcel number, but the legal description of the property was completely missing. Bunn filed for bankruptcy, and the trustee sought to avoid the mortgage. The court stated that:

> [S]ubstantive Ohio mortgage law does not appear to require a precise legal description of the mortgaged property. O.R.C. § 5302.12 provides that a "mortgage in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, has the force and effect of a mortgage * * *." The statute then gives a brief form mortgage. The form requires only a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any."

*Id.* at 490.

{¶ 10} The court then declared that even without the metes and bounds legal description, Ohio courts would likely hold that a purchaser would have knowledge that a mortgage encumbered the property, and therefore a purchaser could not set aside the mortgage. *Id.* at 489. The court noted that the documents provided not only the street address, but also the tax identification number that applied to the entire parcel. That number was identical to the number on the deed by which Bunn took title and, therefore, the court concluded the trustee had constructive notice of the mortgage.

{¶ 11} Miller has directed our attention to a number of federal bankruptcy court and district court decisions distinguishing *In re Bunn* where the legal description on the mortgage was not missing, but rather conflicted with the street address or other descriptors listed in the mortgage. *Bank of New York v. Sheeley*, S.D.Ohio No. 3:13-cv-136, 2014 WL 1233094 (Mar. 25, 2014) is one such recent case.

{¶ 12} *Sheeley* involved the legal description of a vacant parcel at 2262 Ogden Road in Wilmington, Ohio being switched with the legal description of a residential parcel at 2292 Ogden Road. In *Sheeley*, the district court concluded that when the street address on the mortgage conflicts with a more specific legal description incorporated by reference

into the mortgage, the mortgage fails to provide constructive notice to a bona fide purchaser of the encumbrance.

{¶ 13} Similarly, in *Stubbins v. Am. Gen. Fin. Servs., Inc. (In re Easter)*, 367 B.R. 608 (Bankr.S.D.Ohio 2007), a case predating *In re Bunn*, the mortgage at issue set forth the correct street address and parcel identification number of the property, but the mortgage contained the wrong legal description of the property. The bankruptcy court held that the street address and parcel number did not put the trustee on notice of a potential encumbrance, and that it was an unreasonable burden on a purchaser to have to cross check all pieces of information on the mortgage when it contains a specific legal description.

{¶ 14} Ohio state court cases dealing with this issue have tended to follow the analysis of *In re Bunn* and not that of *Sheeley*. In *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 2005-Ohio-297 (2d Dist.), the facts and procedural posture of the case were different, but the issue was whether a property was sufficiently described in the pleadings and whether the alleged deficiency in the legal description deprived the court of jurisdiction over the property. The mortgage indicated the correct street address of the property, and the complaint contained the permanent parcel number of the property, but no legal description was attached to the mortgage or the complaint. The court held that the permanent parcel number in conjunction with the street address and recording information regarding other parties' liens on the property provided sufficient notice that the property was subject to a foreclosure action.

{¶ 15} In *Fifth Third Mtge. Co. v. Brown*, 8th Dist. No. 97450, 2012-Ohio-2205, ¶ 15, the court stated:

> In this case, it was not disputed that the mortgage was properly executed in compliance with R.C. 5301.01 and that the legal description provided in the mortgage contains the proper street address and parcel number for the property subject to the mortgage. Further, although the legal description in the mortgage did not contain the volume of the plat map, there is nothing that would suggest the legal descriptions provided did not embrace the same property or that uncertainty was created as to the property at issue.

Similarly, in *The Bank of N.Y. Mellon Trust Co., N.A. v. Loudermilk*, 5th Dist. No. 2012-CA-30, 2013-Ohio-2296, ¶ 32, the court found that the correct street mailing address and auditor's permanent parcel number were included on the mortgage and it was clear from the chain of title of the property what specific property was to be mortgaged.

{¶ 16} Miller argues that all of these state cases are factually distinguishable because none of them contained a legal description at variance with the street address and parcel number. While true, that is not the key inquiry. We must determine whether the mortgage record as a whole would serve to put a lien holder such as Miller or a purchaser on notice of an otherwise valid mortgage or whether it is so inaccurate that it does not constitute notice.

{¶ 17} Ohio appellate courts are not bound by lower federal court opinions. *State v. Burnett*, 93 Ohio St.3d 419, 423-24 (2001); *Coryell v. Bank One Trust Co. N.A.,* 101 Ohio St.3d 175, 2004-Ohio-723, ¶ 15; *State v. Billman,* 7th Dist. No. 12 MO 3, 2013-Ohio-5774, ¶ 34. At best, such decisions may be afforded some persuasive weight. *Burnett* at 424 ("We therefore conclude that we are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court. We will, however, accord those decisions some persuasive weight.").

{¶ 18} In addition, we have not afforded the case of *Votaw v. Ocwen Loan Servicing, LLC (In re Votaw)*, 2012 WL 529242 (Bankr.N.D.Ohio 2012), any persuasive weight. That case involved an incorrect street address on the vesting deed and an incorrect legal description. *Votaw* is a memorandum decision not intended for publication or citation.

{¶ 19} In conclusion, we find that despite an incorrect legal description, the correct parcel number street address were sufficient to provide notice to anyone inquiring about the property that it was subject to a mortgage. It was not so misleading that it did not provide notice to third-parties such as Miller.

{¶ 20} We therefore overrule the single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.