[Cite as *Huntington Natl. Bank v. Betteley*, 2015-Ohio-5067.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| THE HUNGTINGTON NATIONAL BANK, | : | **O P I N I O N** |
| Plaintiff, | : | |
| - vs - | : | **CASE NO. 2015-L-057** |
| KIRK D. BETTELEY, et al., | : | |
| Defendants-Appellants, | : | |
| THIRD FEDERAL SAVINGS & LOAN ASSOCIATION OF CLEVELAND, | : | |
| | : | |
| Defendant-Appellee. | : | |


Civil Appeal from the Lake County Court of Common Pleas, Case No. 11 CF 001633.

Judgment: Affirmed.


*John D. Sayre*, Nicola, Gudbranson & Cooper, L.L.C., Republic Building, Suite #1400, 25 West Prospect Avenue, Cleveland, OH 44115-1048 (For Defendants-Appellants).

*Dean S. Talaganis*, *Austin B. Barnes*, and *David T. Brady*, Law Offices of Manbir S. Sandhu, LLC, 1370 Ontario Street, Suite 600, Cleveland, OH 44113 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellants, Kirk and Patricia Betteley "the Betteleys," timely appeal the April 9, 2015 judgment of the trial court granting Appellee, Third Federal Savings and Loan Association of Cleveland's, demand for reformation of the Betteleys' mortgage and

foreclosure on their real property.  Appellants argue that the mortgage is void based on the invalid legal description in the agreement and that the trial court should have granted declaratory judgment in their favor.  They also argue that the trial court erred in ordering reformation of their mortgage.  For the following reasons, we affirm the judgment of the trial court.

{¶2}   In 2001, the Betteleys owned 27 acres on River Road in Madison, Ohio. All 27 acres were subject to an initial mortgage with Third Federal Savings and Loan Association of Cleveland "Third Federal."  The Betteleys later divided their property into four parcels.  One parcel contained the Betteleys' home.  The Betteleys subsequently sought to refinance their existing mortgage loan with Third Federal in 2003 to lower their interest rate and reduce the number of parcels encumbered.  They also sought to only encumber their residential parcel, which was approximately 7.5 acres.  All four parcels were collectively known as 5012 River Road, Madison, Ohio 44057.  Third Federal erroneously encumbered all four parcels with the Betteleys' new, 2003 mortgage.  That same year, Third Federal released the three, undeveloped parcels included in the Betteleys mortgage with the intention to maintain only the residential parcel as collateral.  The Betteleys made their requisite mortgage payments to Third Federal until filing for bankruptcy in 2011.

{¶3}   In June 2011, Huntington National Bank "Huntington" filed a complaint for foreclosure regarding the Betteleys' property known as 5012 River Road, Madison, Ohio 44057.  Huntington named the Betteleys as defendants along with Third Federal and others.  The Betteleys filed a suggestion of stay pursuant to Section 362 of the United States Bankruptcy Code based on their pending bankruptcy.

2

{¶4} Third Federal filed an amended answer and cross-claim against the Betteleys. Third Federal filed a motion for default judgment, and the Betteleys eventually responded. Attached to the Betteleys motion, as exhibit 5, is Kirk's January 28, 2013 affidavit, in which he states in part,

{¶5} "We reviewed the Mortgage we signed with Third Federal Savings and Loan, which consisted of 11 pages, and references only one parcel number, which was our understanding of the transaction; * * * We believe that Third Federal's interest is limited to the Parcel identified in its Mortgage, and not any Parcels in which Huntington Bank has an interest."

{¶6} The Betteleys then filed their answer and a cross-claim against Third Federal asserting that they had no interest in the parcel identified in Third Federal's mortgage that was attached to its cross-claim. The Betteleys sought a dismissal of Third Federal's cross-claim and declaratory judgment ordering that Third Federal's mortgage should not attach to any of the parcels identified in Huntington's complaint. Third Federal then requested reformation of the Betteleys' mortgage. Third Federal alleged that although its mortgage originally encompassed the four parcels owned by the Betteleys, Third Federal eventually released three of the four parcels. Third Federal also asserted that a scrivener's error erroneously included the incorrect parcel number for the sole, remaining parcel, and as such, it asked the court to deem the mortgage valid and reform the mortgage in order to correct the parties' mutual mistake.

{¶7} Third Federal, among others, filed a motion for summary judgment and the Betteleys filed a brief in opposition with Kirk's affidavit in support, in which he attests in part that "all four lots were known as 5012 River Road, Madison, Ohio[,]" and that he

3

and his wife obtained a loan from Third Federal "in late 2002, * * * to be secured by parcel 03A-079-0-00-044-0, which contained our residence." He also reiterated that he never intended to have all four parcels as security for the Third Federal loan. Patricia likewise confirmed in her affidavit that their mortgage loan from Third Federal was only to encumber their parcel that contained their personal residence.

{¶8} Third Federal attached the affidavit of Cheryl Nash to its responsive motion filed October 31, 2013, in which she avers that she personally knew the Betteleys as "well-seasoned borrowers" and that she took their loan application for the mortgage in issue. Nash likewise attests that the mortgage in the amount of $528,000 was to cover the real property known as 5012 River Road, Madison, Ohio.

{¶9} An agreed judgment entry and decree in foreclosure was entered on April 10, 2014 that resolved the disputes between all parties except those between the Betteleys and Third Federal. The parties settled as a matter of law several legal and factual issues. The parties stipulated that Huntington was entitled to foreclosure against the Betteleys. The parties also agreed that the Betteleys were the fee simple owners of the four parcels of real estate bearing the common mailing address of 5012 River Road, Madison, Ohio.

{¶10} This judgment entry *did not* encompass the competing cross-claims filed by the Betteleys and Third Federal. Instead, they agreed that "validity and priority of Defendant Third Federal's mortgage on Parcel No. 03A0790000440" is still at issue. They stipulated in paragraph 11:

{¶11} "On April 15, 2003, Defendants Betteley executed and delivered a Mortgage to Defendant Third Federal and on April 30, 2003, Defendant Third Federal

4

filed the same Mortgage on Parcel Nos. 03A0790000010, 03A0790000430, 03A0790000440 and 03A0790000450 in the amount of Five Hundred Twenty-eight Thousand and No/100 Dollar ($528,000). * * * On June 24, 2003 Defendant Third Federal partially released its aforesaid Mortgage as it related to Parcel Nos. 03A0790000010, 03A0790000430, and 03A0790000450. If it is determined at trial that Defendant Third Federal's Mortgage is a valid and subsisting lien on Parcel No. 03A0790000440, then Defendant Third Federal's Mortgage takes priority over all liens and encumbrances filed subsequent to April 30, 2003 on Parcel No. 03A0790000440, with the amount due and owing on said Mortgage to be determined at trial, unless otherwise agreed by the parties. Defendant Third Federal's Mortgage does not extend to Parcel Nos. 03A0790000010, 03A0790000430, or 03A0790000450."

{¶12} The remaining issues between Third Federal and the Betteleys were tried to a magistrate. The magistrate ruled in Third Federal's favor, and the Betteleys filed objections. The trial court affirmed the decision of the magistrate with certain modifications to his factual findings.

{¶13} Appellants assert two assignments of error on appeal:

{¶14} "The trial court erred to the Betteleys' prejudice in denying their claim for declaratory judgment that the mortgage filed on April 30, 2003 by Third Federal Savings and Loan Association of Cleveland containing an invalid legal description ('the mortgage') is void, and instead holding that it constituted a valid mortgage. (Conclusions of Law Numbers 1, 2, 3, and 8)

{¶15} "The trial court erred to Betteleys' prejudice in holding that Third Federal Savings and Loan Association of Cleveland is entitled to reform the void mortgage filed

5

April 30, 2003 and foreclose its interest (Conclusions of Law Numbers 4, 5, 7, 8, and 9)."

**{¶16}** We collectively address appellants' assigned errors.

**{¶17}** When reviewing an appeal from a trial court's adoption of a magistrate's decision, an appellate court must determine whether the trial court abused its discretion in adopting the decision. *Modie v. Andrews,* 9th Dist. Summit No. 19543, 2000 Ohio App. LEXIS 3333, *6 (July 26, 2000). An abuse of discretion is more than an error of judgment, and instead reflects "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Further, any claimed error on appeal must be based on the trial court's actions, and not on the magistrate's decision. *Bobel Elec., Inc. v. Friedman*, 9th Dist. Lorain No. 03CA008217, 2003-Ohio-4520, ¶7-8.

**{¶18}** Appellants allege the trial court erred in concluding that the Third Federal mortgage was valid. Instead, they claim their mortgage was void in light of the invalid and ambiguous legal descriptions. Their mortgage was incorrect in two aspects. First, it includes the legal descriptions for all four parcels encompassed by the mailing address of 5012 River Road, when it only should have included the legal description for the Betteleys' residential parcel.

**{¶19}** Second, the mortgage erroneously identifies parcel number 03A0790000100 as the mortgaged parcel, which is none of the parcels owned by the Betteleys. Furthermore, the Betteleys' parcel with a similar parcel number, i.e., 03A0790000010, does not contain their single family residence. The parcel containing their single family residence is parcel number 03A-079-0-00-044-0. Thus, they claim

6

that the mortgage is so vague that it must be void, and as such, Third Federal's cross-claim should have been dismissed.

{¶20} Third Federal acknowledges that the mortgage contained scrivener's errors, but maintains that it was entitled to reform the mortgage as a result of the parties' mutual mistake. The trial court agreed and held that because both parties to the agreement intended to encumber one parcel, i.e., parcel number 03A-079-0-00-044-0 that contained the Betteleys' residence, the inclusion of the overly broad legal description and incorrect parcel number was a mutual mistake warranting reformation of the agreement.

{¶21} Courts generally examine mortgages under legal principles governing contracts and presume that the parties' intent is set forth in the written agreement. *SFJV 2005 v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819 ¶22. "Therefore, parole evidence is admissible to ascertain the parties' intent only 'where contractual terms are undefined, uncertain or ambiguous and are reasonably susceptible to more than one interpretation.' In defining ambiguity, the Supreme Court of Ohio has stated that 'common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.'" (Citations omitted.) *Board of County Commrs. v. Flanco Realty Co.*,1st Dist. Hamilton Nos. C-980781, C-980803, C-980822, 1999 Ohio App. LEXIS 2890, *7-8, (June 25, 1999).

{¶22} "It is a fundamental principle of contract law that '[w]here the language of a contract is of doubtful import, it is proper to ascertain the circumstances which surrounded the parties at the time it was made, the *object intended to be accomplished,*

7

*and the construction which the acts of the parties show they gave to their agreement*, in order to give proper construction to the words they have used in the instrument, and to determine its legal effect.'" (Emphasis added.) *Blosser v. Carter*, 67 Ohio App.3d 215, 219, 586 N.E.2d 253 (4th Dist.1990), quoting *Mosier v. Parry,* 60 Ohio St. 388, 54 N.E. 364, at paragraph one of the syllabus (1899).

{¶23} It is undisputed that the Third Federal mortgage documents contained errors. The agreement is ambiguous because it includes the correct mailing address, but not a parcel number corresponding to that address. It also erroneously includes legal descriptions for the Betteleys' four parcels, whereas it should have only included the legal description for their residential parcel. Thus, Third Federal sought reformation of the Betteleys' mortgage in order to ensure that the extent of the parties' agreement was reflected in the mortgage agreement. The Betteleys, however, asked the trial court to declare the mortgage void as a result of Third Federal's errors in describing the property in the agreement.

{¶24} "Reformation is an equitable remedy that allows a court to change the language in a contract where the parties' true intentions have not been expressed due to a 'mutual mistake'--meaning a common mistake by all the parties to the contract. * * * The party wishing to reform the [agreement] must demonstrate the 'mutual mistake' by clear and convincing evidence. Clear and convincing evidence is the degree of proof necessary 'to produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" (Citations omitted.) *Huber v. Knock*, 1st Dist. Hamilton No. C-080071, 2008-Ohio-5900, ¶6.

8

{¶25} *Huber* involved the reformation of a deed with an access easement. The court in *Huber* emphasized that a reformed instrument cannot "be enforced against a bona fide purchaser for value—i.e., an innocent third party—to that party's prejudice." *Id*. at ¶10. The prejudice results to an innocent third party because of their lack of notice. The instant matter does not involve innocent third parties without notice of the encumbrance. To the contrary, the Betteleys received the benefit of the mortgage loan and now seek to avoid its reformation and repayment as a result of Third Federal's drafting errors.

{¶26} The Betteleys argue that their Third Federal mortgage is void as a matter of law based on its insufficient legal description, and as a result, they claim their mortgage is not susceptible to reformation. They concede, however, that Ohio law is unclear as to what constitutes a proper and valid legal description. "Ohio mortgage law does not set forth a precise legal description that must be included on a mortgage." *Fifth Third Mtg. Co. v. Brown*, 8th Dist. Cuyahoga No. 97450, 2012-Ohio-2205, 970 N.E.2d 1183, ¶13. Instead, a description of legal property is sufficient if it indicates the land intended to be conveyed and enables a person to locate it. *Roebuck v. Columbia Gas Transm. Corp.*, 57 Ohio App.2d 217, 219, 386 N.E.2d 1363 (3rd Dist.1977). Upon examining a mortgage for sufficiency of legal description, the issue is framed from the perspective of a subsequent purchaser or lien holder and whether the description in the mortgage is sufficient to put a third party on notice of the encumbrance. *Huntington Natl. Bank v. Coffman*, 10th Dist. Franklin No. 14AP-231, 2014-Ohio-3743, ¶16; *In re Bunn*, 578 F.3d 487, 490 (6th Cir.2009).

{¶27} A review of the testimony and evidence presented at the April 8, 2014, magistrate's trial reveals that the Betteleys dealt with Third Federal branch employee Cheryl Nash via telephone to secure their loan modification. They wanted to reduce their interest rate and reduce the number of their parcels encumbered from four to the one, residential parcel. The Betteleys' application lists the mailing address of 5012 River Road, Madison, Ohio and identifies the property as a single family property. A bank branch employee then sent their application to the Cleveland origination department for preparation of origination documents. For Third Federal's processing of the loan for 5012 River Road, it consisted of four parcels of land.

{¶28} Kirk, as a building contractor, has developed more than 600 lots and signed more than 50 mortgages or lines of credit. He has worked with Nash from Third Federal throughout the years, since approximately 1990. The Betteleys bought the River Road property in 1993. They sold some of the acreage and still had 27 acres in 2001, when they secured their first mortgage on the property through Third Federal for $526,300. They subsequently had the 27 acres divided into four parcels, each with its own legal description, in order to eventually sell three of them. Each was subject to the 2001 Third Federal mortgage.

{¶29} In December 2003, the Betteleys applied to refinance their mortgage to reduce the security interest from the four parcels to the one parcel with their residence. This loan was to have a 6.25 percent interest rate. Kirk worked with Nash and informed her that he only wanted to encumber the one, residential parcel. According to Kirk, this new loan application erroneously identified all four parcels, and Kirk caught the error. Nash ensured him that the bank made a mistake, but would fix it later. So he signed the

10

application in spite of the error to guarantee a lower interest rate. This mortgage was never finalized because the loan application expired. The Betteleys reapplied to refinance in April 2003 and secured a loan with Third Federal that had an interest rate of 5.875 percent. The loan documents for this loan likewise contained all four parcel numbers; however, Kirk did not notice the error this time.

{¶30} The mortgage correctly identified the property address as 5012 River Road. However, instead of setting forth the parcel number corresponding to the Betteleys' residential parcel, the Third Federal mortgage set forth the wrong parcel number, which did not correspond to any properties owned by the Betteleys. Kirk did not discover this error until his bankruptcy petition was filed years later.

{¶31} The three vacant parcels, also identified by the address of 5012 River Road, were subsequently released as collateral by Third Federal when the Betteleys were securing a loan from another lender with these three vacant lots as collateral. The partial mortgage release was recorded with the Lake County Recorder. Consequently, the defect in the legal description was corrected as a result of the release of these three, undeveloped parcels

{¶32} Nash, a business development officer with Third Federal, testified and confirmed that she previously worked with Kirk through his business. She completed the Betteleys' uniform residential loan application, which was taken by phone. The description lists the address of 5012 River Road and refers to 20 acres of land. She does not recall Kirk telling her that the listed parcels were wrong or telling him that they would fix it.

{¶33} The Betteleys claim that because no Third Federal employee testified as to the extent of the collateral to be originally encumbered by the mortgage loan in this case, there could be no mutual mistake. However, Kirk Betteley unequivocally testified as to the parties' original communications and intentions in securing their loan modification. Third Federal's subsequent release of three of the four parcels bolsters Kirk's testimony confirming that they wanted to reduce the number of their properties encumbered from four to one. Further, Kirk confirmed that he told Nash that he wanted to replace his 2001 mortgage with a mortgage only on the one lot that had his house on it.

{¶34} While the bank's drafting failures in this case were careless and substantial, we disagree that they preclude reformation. The Betteleys were not innocent, subsequent lien holders without notice of Third Federal's encumbrance as a result of its scrivener's errors. Instead, the Betteleys are seeking to avoid their obligations in spite of receiving the benefit of Third Federal's loan. Although the mortgage continued to include the erroneous parcel number, it always identified the correct mailing address and included the legal description for the residential parcel.

{¶35} Further, the testimony and evidence presented at trial clearly and convincingly establishes that Third Federal and the Betteleys intended to encumber the same property, i.e., their residential parcel with mailing address 5012 River Road and parcel number 03A-079-0-00-044-0. However, the mortgage at issue failed to definitively set forth the parties' intent. Thus, the trial court did not abuse its discretion in reforming the parties' mortgage to reflect their original and mutual intent, i.e., to

12

mortgage the sole parcel numbered 03A-079-0-00-044-0 that contains the Betteleys' residence.

{¶36} Based on the foregoing, we affirm the reformation of the mortgage because the evidence supports the mutual mistake finding. The fact that Third Federal made the actual, physical mistakes of including the wrong parcel number and attaching the four legal descriptions instead of the one, residential parcel description is of no consequence because both parties mistakenly thought that the residential parcel was the subject of the mortgage and intended for this parcel to be encumbered. It is unreasonable to believe that Third Federal released three of the Betteleys' parcels as collateral without an obligation to do so. Further, and unlike a subsequent lien holder who had no notice of Third Federal's mortgage based on the inclusion of the wrong parcel number, the Betteleys were fully aware of the mortgage on their property. In fact, they made payments toward their mortgage obligation for more than seven years. Thus, the trial court properly reformed the parties' mortgage and held that Third Federal was entitled to foreclose on this mortgage. Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.