[Cite as *Homestead Interiors, Inc. v. Hines*, 2022-Ohio-3700.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

HOMESTEAD INTERIORS, INC.,

Plaintiff-Appellee,

- v -

PHILLIP HINES,

Defendant-Appellant.

**CASE NO. 2021-G-0024**

Civil Appeal from the
Chardon Municipal Court

Trial Court No. 2018 CVF 00577

## O P I N I O N

Decided: October 17, 2022
Judgment: Affirmed in part, reversed in part, and remanded

*George L. Badovick,* 13033 Ravenna Road, Chardon, OH 44024 (For Plaintiff-Appellee).

*Glenn E. Forbes* and *Monica R. Zibbel,* Forbes Law, LLC, 166 Main Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Phillip Hines, appeals the September 10, 2021 judgment of the Chardon Municipal Court adopting the Magistrate's Decision finding in favor of appellee, Homestead Interiors, Inc. ("Homestead").  For the reasons set forth herein, the judgment is affirmed in part, reversed in part, and remanded.

{¶2}   In December 2017, Mr. Hines purchased carpet for his residence from Homestead.  Mr. and Mrs. Hines noticed the color was not as anticipated and informed Homestead.  They also complained of an unsightly seam and accused Homestead's installer of dropping and damaging an antique table.  Homestead returned and repaired

the seam, though apparently not to the Hines' satisfaction.  Additionally, Homestead sent a sample of the carpet to the carpet manufacturer for testing.  The manufacturer noted that color may vary due to different dye lots, and informed Homestead and the Hineses that the testing results showed that the color was within the accepted variance range.

{¶3}   Nevertheless unsatisfied, Mr. Hines failed to pay the remaining $600 owed for the carpet installation.  Ultimately, Homestead filed a small-claims complaint against Mr. Hines for the $600.  Mr. Hines answered and counterclaimed, alleging Homestead violated the Consumer Sales Practices Act and the Fair Debt Collection Practices Act, damaged his personal property, and breached express warranties and implied warranties of merchantability. Mr. Hines sought damages in the amount of $14,000.00 plus costs, attorney fees, and punitive damages. Homestead answered, and the case was transferred to the civil docket of the Chardon Municipal Court.

{¶4}   On July 22, 2019, Homestead filed a "Motion in Limine to Strike Defendant's Expert Testimony and Motion for Sanctions."  The magistrate issued an order on July 31, 2019, granting Homestead's motion to strike and ordering Homestead to submit a fee bill for attorney fees incurred in the matter. Mr. Hines filed a "Motion to Set Aside Magistrate's Order," which the magistrate denied on August 19, 2019.

{¶5}   Mr. Hines noticed an appeal from the magistrate's August 19, 2019 order denying his motion to set aside the order of July 31, 2019. The issues on appeal were ultimately resolved between the parties, and the appeal was dismissed upon request. Thereafter, the parties filed a joint motion in the municipal court to vacate the sanctions order of July 31, 2019. The motion was granted.

2

Case No. 2021-G-0024

{¶6} Meanwhile, a bench trial was held before a magistrate on August 1, 2019, on the merits of the claim and counterclaim. In a September 4, 2019 decision, the magistrate found in favor of Homestead and against Mr. Hines for $600.00 on the account, plus interest and costs. The magistrate also awarded attorney fees to Homestead and ordered Homestead to submit a bill for fees incurred in the matter.

{¶7} Mr. Hines filed objections to the magistrate's decision on September 17, 2019. The municipal court did not immediately rule on these objections or issue a judgment on the claim or counterclaim. Nevertheless, Homestead submitted its statement of attorney fees, to which Mr. Hines responded. The magistrate held an evidentiary hearing on February 27, 2020. In an April 17, 2020 decision, the magistrate recommended that Homestead should be awarded attorney fees in the amount of $7,850.00, as requested. Mr. Hines filed objections to the magistrate's decision. On June 15, 2020, the municipal court overruled the objections and rendered judgment to Homestead against Mr. Hines in the amount of $7,850.00 for attorney fees.

{¶8} Mr. Hines appealed. This court reversed and remanded the claim, finding that the municipal court did not have authority to award attorney fees to Homestead without first overruling his objections to the magistrate's September 4, 2019 decision on the underlying claim and counterclaim and entering an independent final judgment. *Homestead Interiors, Inc. v. Hines*, 11th Dist. Geauga No. 2020-G-0257, 2021-Ohio-1014 ("*Homestead I*").

{¶9} Accordingly, on September 10, 2021, the trial court overruled Mr. Hines's objections to the Magistrate's Decision and adopted the decision, finding in favor of Homestead and ordering Mr. Hines to pay $600.00 plus interest. The judgment also

3

stated the matter would be set for a hearing before the Magistrate on the issue of attorney fees. As it did not appear from the record that a hearing was held prior to the filing of this appeal, this court issued a temporary remand to the municipal court. On remand, the municipal court clarified that a hearing on the matter of attorney fees was held February 27, 2020, thus no additional hearing was necessary. Thus, the matter before us is now a final, appealable order.

{¶10} On appeal, Mr. Hine's assigned four errors for our review.

{¶11} His first, second, and fourth assigned errors are interrelated and will be addressed together. They state:

{¶12} [1.] The Court erred to the prejudice of Defendant Appellant Phillip Hines and abused its discretion by adopting a Magistrate's Decision which erroneously found that the lack of expert testimony as to color was determinative of the case and that non-expert testimony as to "dye lots" was determinative of the case.

{¶13} [2.] The Court erred to the prejudice of Defendant Appellant Phillip Hines and abused its discretion by adopting a Magistrate's Decision finding Defendant had introduced no evidence.

{¶14} [4.] The Magistrate's Decision, as approved by the Court, is against the manifest weight of the evidence.

{¶15} "When reviewing an appeal from a trial court's adoption of a magistrate's decision, an appellate court must determine whether the trial court abused its discretion in adopting the decision." *Huntington Natl. Bank v. Betteley*, 11th Dist. Lake No. 2015-L-057, 2015-Ohio-5067, ¶17. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). "Further, any claimed error on appeal must be based on the trial court's actions, and not on the magistrate's decision." *Betteley, supra.*

4

{¶16} Under these assignments of error, Mr. Hines contests the court's adoption of the magistrate's finding that expert testimony is required to prove the color difference in the carpet, the finding that he presented no evidence beyond his own testimony, and ultimately that the magistrate's decision was against the manifest weight of the evidence.

{¶17} First, we agree with Mr. Hines that the magistrate technically erred in finding that "Mr. Hines offered no * * * picture of his carpeting" and that "he did not come with any evidence." The record shows that Mr. Hines did present one photograph and the testimony of himself and his wife. We disagree, however, that this misstatement constitutes reversible error.

{¶18} Mr. Hines had the burden of proving his counterclaim. See *Schaffer v. Donegan*, 66 Ohio App.3d 528, 534, (1990) ¶39 ("The party bearing the responsibility for the burden of proof is, as a general rule, determined by the pleadings. It is firmly established that he who affirms must prove.") However, while Mr. Hines presented the testimony of himself, his wife, and one picture of the installed carpet for the magistrate to compare with the carpet sample entered into evidence by Homestead, Mr. Hines failed to present any evidence to dispute Homestead's arguments regarding the color being within the industry standard deviations. This is critically important because the fact that the carpet varied from the sample was not at issue; the issue was by how much the color varied and whether that variation was acceptable. Mr. Hines presented no standard other than his, and his wife's, own preference for a more precisely matched color or a differently installed carpet seam.

{¶19} Moreover, Mr. Hines finds error with the court's finding that in order to prevail, he needed to provide expert testimony. In support, Mr. Hines cites *Bertsch v.*

5

*Lee's Granite, L.L.C.*, 6th Dist. Erie No. E-09-021, 2009-Ohio-6261. We note, however, that such determinations are heavily fact-based and that the record in *Bertsch* is not before this court. Moreover, *Bertsch* is not binding authority on this court; neither do we find it persuasive in this case, as it appears the homeowners in *Bertsch* submitted significantly more evidence in that case than Mr. Hines presented here.

{¶20} Moreover, even if we were to agree with Mr. Hines that the court misstated the need for expert witnesses, we note that this was not the exclusive basis for the court's decision. The Magistrate's Decision, as adopted by the court, determined that Mr. Hines failed to meet his burden of proof. The magistrate and court had the opportunity to review the sample of carpet with the picture of the carpet as installed, as well as the picture of the carpet seam, and determined Mr. Hines had not overcome his burden of proof. "[T]here is a presumption of validity and deference granted to the trial court's decision as the independent fact-finder." *State Farm Mutual Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009-Ohio-1965, ¶11 (2d Dist.). *See also J.L.D. v. A.S.D.,* 7th Dist. Columbiana No. 19-CO-00015, 2019-Ohio-4106, ¶17. After a careful review of the record, and given our deferential standard of review, we will not disturb this finding on appeal.

{¶21} Finally, we disagree with Mr. Hines' assertion that the Magistrate's Decision, as adopted by the court, is against the manifest weight of the evidence. The Supreme Court of Ohio has confirmed that when reviewing the manifest weight of the evidence, an appellate court conducts the same analysis in both criminal and civil cases:

> {¶22} [The] weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be

6

established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' [Emphasis removed.] *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶23} Mr. Hines presented no evidence beyond a single photograph of the carpet and his and his wife's testimony. In fact, at trial Mr. Hines admitted as such:

{¶24} ATTORNEY BADOVICK: So you say the seam is bad again, and we have no proof of that. You say the table was broken by Homestead, and we have no proof of that. You say the carpet coloring doesn't match, and we have no proof of that. All we have is your word on all of these issues?

{¶25} MR. HINES: Correct.

{¶26} The transcripts show that Mr. Hines' counsel attempted to enter additional exhibits into evidence to support these assertions, but the court sustained Homestead's objection to their admission as they were not provided to opposing counsel. Accordingly, there is no evidence in the record aside from one photograph and the statements from Mr. and Mrs. Hines. As Mr. Hines stated at trial, "it's my word against yours." However, "[i]t is the duty on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." *Stevens v. Indus. Commission*, 145 Ohio St. 198, 203 (1945). In light of the limited evidence before the court, we find the Magistrate's Decision, as adopted by the court, is not against the manifest weight of the evidence.

{¶27} Accordingly, appellant's first, second, and fourth assignments of error are without merit.

{¶28} His third states:

Case No. 2021-G-0024

**{¶29}** The Court erred to the prejudice of Defendant Appellant Phillip Hines and abused its discretion by adopting a Magistrate's Decision awarding Attorney Fees under the Consumer Sales Practices Act where there was no finding that Defendant Appellant Phillip Hines' claim was baseless or brought in bad faith.

**{¶30}** Under his third assigned error, Mr. Hines challenges the court's award of $7,850 in attorney fees against him. Specifically, Mr. Hines faults the court for not expressly finding that the suit was baseless or maintained in bad faith. "Because the trial court is given the discretionary authority to award such fees, we review the denial of a motion for attorney's fees pursuant to R.C. § 1345.09(F) under an abuse of discretion standard." *McPhillips v. United States Tennis Assn. Midwest*, 11th Dist. Lake No. 2006-L-235, 2007-Ohio-3595, ¶20. An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *State v. Figueroa*, 11th Dist. Ashtabula No. 2016-A-0034, 2018-Ohio-1453, ¶26, citing *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

**{¶31}** R.C. 1345.09(F) states:

**{¶32}** The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed and limited pursuant to section 1345.092 of the Revised Code, if either of the following apply:

**{¶33}** (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;

**{¶34}** (2) The supplier has knowingly committed an act or practice that violates this chapter.

**{¶35}** This court has previously held that "[p]rior to making an award of attorney's fees under R.C. § 1345.09(F), the trial court must make a determination that the supplier 'knowingly' committed a consumer sales practice violation." M*cPhillips v. United States*

8

*Tennis Assn. Midwest*, 11th Dist. Lake No. 2006-L-235, 2007-Ohio-3595, ¶ 21. It follows, therefore, that prior to making an award of attorney's fees under R.C. 1345.09(F)(1), the trial court must make a determination that the consumer arguing a violation of this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith.

{¶36} In *Palmer v. Daniel Troth & Son Builders, Inc.*, 10th Dist. Franklin No. 97APE08-1050, 1998 WL 255566, the losing party in a Consumer Sales Practices Act action appealed the award of attorney fees. On appeal, that party argued that the award of attorney fees should be reversed because the trial court failed to explain its rationale in finding that "plaintiffs filed or maintained the action in bad faith." In overruling such objections, the Tenth District noted that despite not expressly noting its rationale in its order, the record showed that "during the hearing on the issue of attorney fees, the trial court indicated that various aspects of plaintiffs' case 'concern me in terms of bad faith on behalf of the plaintiff.'" *Id.* at *6.

{¶37} Conversely, in this case the Magistrate did not make a finding of groundless or bad faith in the February 27, 2020 hearing nor in its subsequent Magistrate's Decision, nor did the municipal court make any such finding in adopting the Magistrate's April 17, 2020 Decision. In fact, in adopting the magistrate's findings awarding attorney fees, the municipal court only noted the standard for awarding attorney fees if the *consumer* is the prevailing party, i.e., R.C. 1345.09(F)(2), and cited cases applying subsection (F)(2). As the *supplier* prevailed in this case, subsection (F)(2) is inapplicable; the applicable subsection is (F)(1), requiring a finding that both the consumer's action was groundless and the claim was brought in bad faith. According to the record before us, no analysis of

9

these factors was undertaken by either the magistrate nor the court prior to awarding attorney fees. Therefore, we hold that the municipal court abused its discretion in adopting the Magistrate's Decision awarding attorney fees without first making a finding of both groundlessness and bad faith.

{¶38} Appellant's third assignment of error has merit.

{¶39} For the reasons set forth herein, the judgment of the Chardon Municipal Court is reversed as to the award of attorney fees, affirmed in all other respects, and remanded for further proceedings consistent with this opinion.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-G-0024